JOURNAL ENTRY and OPINION
Defendant-appellant herein, Ohio Mortgage Company, appeals from the decision of the Euclid Municipal Court's finding for plaintiff-appellee, Taranga Properties, Ltd., on its claim for breach of contract arising out of the lease of commercial office space owned by appellee. Because our review of the record compels us to conclude that the trial court's judgment is supported by law, we affirm the same.
The complaint in the instant case was filed on August 17, 1999 and was captioned Complaint in Forcible Entry and Detainer. The complaint alleged that the appellant was unlawfully in possession of premises located at 27801 Euclid Avenue, #440, Euclid, Ohio as the appellant had failed to pay rent on the premises for at least two consecutive months.
The appellant answered by stating that it was not the lessee of the subject premises and by specifically disclaiming any liability arising out of the lease. The appellant further asserted that the parties to the lease were merely net branch operators of the appellee corporation and were not officers of the corporation as was represented at the time the lease was signed. The two net branch operators in question, Scott Burton and Om Prasad were named as defendants in an amended complaint filed by the appellee on October 13, 1999. Appellant also filed a cross-claim against these two individuals on November 15, 1999.
Trial commenced in front of an acting judge of the Euclid Municipal Court on February 22, 2000.[1] The main issues at trial were whether appellant corporation was a party to the lease and, if not, whether appellant had ratified the lease by its actions subsequent to the lease commencement.
The trial court found in its order as follows:
* * *
 4. A lease for space in the building was negotiated and was signed by Mr. Scott and Mr. Prasad as Regional Managers for Ohio Mortgage.
 5. Furniture was ordered in the name of Ohio Mortgage and paid for by Ohio Mortgage. Computer equipment was ordered and installed in the same manner.
 6. The name Ohio Mortgage was installed on the Building Directory and on parking spaces to the rear of the building.
 7. The impression was meant to be that the operation was that of Ohio Mortgage.
* * *
 11. A check drawn on an account maintained by Ohio Mortgage was delivered as a rent payment in the amount of $4,940.00.
 12. When an action in Forcible Entry and Detainer was filed, the principals of Ohio Mortgage came to the property and reclaimed the computers and furniture saying that the reclaimed property was the property of Ohio Mortgage.
* * *
 15. The purpose of the operation was to generate mortgage loans which would be serviced either on a direct lender basis by Ohio Mortgage or indirectly by Ohio Mortgage functioning as a mortgage broker.
Thus, finding that the appellant corporation had ratified the lease in question, the trial court entered judgment against appellant, Burton and Prasad, jointly and severally, in the amount of $11,875.48.
The appellant filed the within appeal from the order of the trial court on December 6, 2000. The appellant's third assignment of error was rendered moot by this court's judgment entry of July 20, 2001. See, footnote 1, supra. The appellant's first and second assignments of error will be addressed concurrently in this opinion as they are interrelated and have a common basis in law and fact. The first and second assignments of error state:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT OHIO MORTGAGE COMPANY, AS A MATTER OF LAW AS OMC CANNOT BE HELD LIABLE UNDER THE LEASE AGREEMENT AS DEFENDANTS SCOTT BURTON AND OM PRASAD PERSONALLY GUARANTEED SAID AGREEMENT, AND FURTHER SIGNED A CONTRACT WITH OMC AGREEING TO BE PERSONALLY LIABLE FOR RENT DUE UNDER ANY LEASE.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT OMC IN FINDING THAT OMC RATIFIED THE ACTIONS OF DEFENDANTS SCOTT BURTON AND OM PRASAD, THUS CAUSING OHIO MORTGAGE COMPANY TO BECOME LIABLE FOR RENT DUE TO PLAINTIFF-APPELLEE TARANGA PROPERTIES LTD.
Initially, we note that the existence of an agreement between the appellant and Burton and Prasad in no way affects the nature of any contractual relationship between the appellant and the appellee. The agreement between the appellant and Burton and Prasad merely required that Burton and Prasad indemnify appellant in the event that appellant were to incur any liability on the lease. To this end, the appellant did in fact file cross-claims against both Burton and Prasad. The claims against Burton appeared to have been settled and the appellant obtained a default judgment against Prasad for the full amount of the judgment obtained by appellee, $11,875.48.
We now proceed to address whether the lease in question was ratified by appellant. In order to properly resolve this question, this court would need to review the transcript of all testimony at trial on this issue. The appellant has neglected to make such a transcript part of the record on appeal. Accordingly, we are obligated to presume regularity as to the proceedings below and to affirm. G.W.D. Enterprises v. Down River Specialities, Inc. (May 24, 2001), Cuyahoga App. No. 78291, unreported.
The appellant asserts in its brief filed with this court that it was not required to file an App.R. 9(C) or App.R. 9(D) statement in lieu of the transcript as they are each voluntary [in] nature and are not mandatory. The appellant also confuses the terms transcript and record when it states * * * the entire transcript consisted of the original papers and exhibits filed with the trial court. Whether or not these rules are voluntary, without either an App.R. 9(C) or App.R. 9(D) statement and without a transcript of the proceedings, we are precluded from conducting a meaningful review of the record. Accordingly, these assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] There had been some dispute both at the trial court level and during the course of this appeal as to whether the trial judge who presided over this case was functioning in his role as an acting judge of the court or as a magistrate. This issue came to the fore when the appellant filed its Motion for Reconsideration and Objections to the Magistrate's Opinion. On July 11, 2001, this court dismissed the within appeal as untimely filed on the basis that the appeal was out of rule as final judgment had been entered on the date of the journalization of the acting trial judge's decision. On July 20, 2001, this court granted the appellant's motion for reconsideration, and in so doing, found that judgment became final on November 10, 2000 when the court ruled on the appellant's objections. In view of this court's entry of July 20, 2001, the appellant's third assignment of error is rendered moot.
The third assignment of error states:
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT OHIO MORTGAGE COMPANY BY FINDING THAT OHIO MORTGAGE COMPANY'S OBJECTIONS TO THE MAGISTRATE'S DECISION WERE MOOT, THEREBY DENYING OHIO MORTGAGE COMPANY A LEVEL OF REVIEW PURSUANT TO CIV.R. 53.